**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JOHN SULLIVAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-12820-AK |
| | ) | |
| WARDEN FMC DEVENS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

**KELLEY, D.J.**

*Pro se* petitioner John Sullivan, who was in custody at FMC Devens at the time he commenced this action, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Dkt. 1]. He alleges that the Bureau of Prisons ("BOP") wrongly calculated his sentence by not calculating credits under the First Step Act ("FSA").  For the reasons set forth below, the petition is **DENIED**.[1]

Sullivan asserts that he was eligible to earn time credits under the FSA from September 5, 2024—the date he was sentenced and committed to the custody of the Bureau of Prisons. Sullivan represents that due to health issues, he did not arrive at FMC Devens until September

---

[1] The petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

19, 2025.  Under BOP regulations, an eligible incarcerated person may begin to earn FSA time credits "the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served." 28 U.S.C. § 523.42(a).

In the Petition, Sullivan does not state where he was located between the date he was sentenced and the date he arrived at FMC Devens. The Court takes judicial notice that, on April 15, 2025, Sullivan, through counsel, filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Rhode Island. See Sullivan v. Bondi, 25-cv-00158 (D.R.I.), arguing that he was eligible to earn FSA time credits from the date of his sentencing.  At the time, Sullivan was confined at the Donald Wyatt Detention Facility. On June 25, 2025, the Court denied the petition in a text order, stating that Sullivan was "not at his designated BOP prison" and that he had not alleged that he had participated in or completed any programming that would allow for FSA time credits, which was "fatal to his claim."[2]  In a July 31, 2025 text order, the Court denied Sullivan's motion for reconsideration, stating, *inter alia*, that Sullivan had "not alleged that he has undergone a risk and needs assessment, or assignment by the Bureau of Prisons to appropriate evidence-based recidivism reduction programming or productive activities, which are statutorily required prerequisites to earning FSA time credits."

In light of the prior judicial determination that Sullivan was not eligible to earn FSA credits while he was at the Wyatt Detention Center, this Court finds that Sullivan has not stated a basis for habeas release. Accordingly, the Petition is **DENIED** and this action is **DISMISSED**.

**SO ORDERED.**

Dated: March 31, 2026                    /s/ Angel Kelley
                                         Hon. Angel Kelley
                                         United States District Judge

---

[2] Docket entry numbers are not assigned to text orders on the docket of the case.